FILED
SUPERIOR COURT
OF GUAM

2014 OCT 16 AM 9: 25

CLERK OF COURT
BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARINA C. RIVERA,<br>aka MARINA C. TAGALA<br><br>                          Plaintiff,<br><br>    v.<br><br>ESTATE OF FRANCISCO L. RIVERA,<br>and DOES 1-5,<br><br>                     Defendants. | CIVIL CASE NO. CV 0854-14<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas upon the Plaintiff Marina C. Rivera's September 16, 2014 Motion for Order for Publication of Summons. Attorney Ladd A. Bauman represented the Plaintiff, and the Defendant is an un-administered estate that has not appeared or retained counsel. Having determined that oral argument is unnecessary, for the reasons set forth below, the Plaintiff's Motion for Order for Publication of Summons is DENIED and the case is DISMISSED.

## BACKGROUND

Marina C. Rivera ("the Plaintiff") was formerly married to Francisco L. Rivera, now deceased. The parties divorced in 1986. Before their divorce, they owned a home, namely Lot Number 16, Block 2, Tract 137, Dededo, Guam. The location is variously described as 157

Santa Lourdes St., Harmon, Guam. Certificate of Title Registration Number 29994 registers the real estate to the pair of them in fee simple. The Plaintiff states that the real estate was granted to her in the divorce settlement. However, the settlement agreement was not recorded and cannot be found.

The Plaintiff has obtained Waivers of Service and Consent to Default Judgment from Franklin S. Rivera, Annette M.R. Johnston, Joanne R. Delgado, and Monica C. Rivera, the children of the Plaintiff and her late former husband. The Plaintiff has filed a complaint to quiet title to the real estate against "Estate of Francisco L. Rivera and Does 1-5." No administrator or executor of this estate is named as a defendant. Nothing in the record indicates that any petition to probate a will purportedly executed by Francisco L. Rivera, or any other petition to administer his estate, has been filed. The Plaintiff seeks an order for publication of summons.

## DISCUSSION

Rule 4(o) of the Guam Rules of Civil Procedure sets forth the procedures for service by publication of summons and permits it "[w]henever a statute or order of court thereunder provides..." GRCP 4(o). Guam's statute governing service by publication of summons is codified at 7 GCA § 14106, and, in relevant part, states as follows:

> Where the person on whom service is to be made has departed from Guam, and cannot, after due diligence, be found in Guam, or conceals himself to avoid the service of summons, or is a corporation having no officer, or other person upon whom service may be served who, after due diligence, can be found in Guam...such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons.

7 GCA § 14106(a) (2005). The statute envisions either "person[s]" or "corporation[s]" being subject to summons by publication. Id.

The estate of a decedent cannot be a party to an action without being represented, and a grant of administration is necessary to provide such a party. 33 C.J.S. Executors and

Administrators § 5 (1942). Estates are not natural or artificial persons, and they lack legal capacity to sue or be sued in their own name. Wisemantle v. Hull Enterprises, Inc., 432 N.E.2d 613, 616 (Ill. App. Ct. 1981); see also Correa v. Estate of Hascall, 850 N.W.2d 770, 774 (Neb. 2014) (holding that when an estate has been closed and the personal representative discharged, there is no viable entity or person whom the plaintiff may sue). A probate estate is "a collection of assets and liabilities," which, "has no capacity to sue or be sued or to defend an action," and any litigation must be maintained by, or against, the administrator or executor. Smith v. Cimmet, 199 Cal.App.4th 1381, 1390-91 (Cal. Ct. App. 2011).

When creditor or other plaintiff has a claim against a decedent's estate, instead of suing the unrepresented estate, by long-standing common law rule the creditor may compel administration to subject an estate to the payment of debts. See Ricard v. Williams, 20 U.S. 59, 5 L. Ed. 398 (1822); see also McCoy v. Morrow, 18 Ill. 519, 1857 WL 6717 (1857); see also 31 Am Jur. 2d Executors and Administrators § 15 (2002). The creditor may petition a court of competent jurisdiction to appoint an administrator. See Williams v. Grossman, 293 N.W.2d 315 (Mich. 1980); see also Wisemantle v. Hull Enterprises, Inc., 432 N.E.2d 613, 616 (Ill. App. Ct. 1981); see also 31 Am Jur. 2d Executors and Administrators § 1181 (2002). This common law rule is borne out by Guam's Probate Code, which at 15 GCA § 1805(a)(8) puts creditors in line to be appointed as administrator, and in § 1805(e) permits a creditor to petition for letters of administration. See 15 GCA §§ 1805(a)(8), (e) (2005).

In her complaint, the Plaintiff names as defendants the "Estate of Francisco L. Rivera and Does 1-5." Pl.'s Compl. Sep. 16, 2014. On the Plaintiff's information and belief, no said estate has not been opened and is not being administered. Pl.'s Decl., Sep. 16, 2014. The Plaintiff has also obtained waivers from certain persons, not named as defendants, consenting to

her quiet title action. Franklin S. Rivera, Annette M.R. Johnston, Joanne R. Delgado, and Monica C. Rivera, who, from the record, appear to be the children of the Plaintiff and the late Francisco L. Rivera, have all signed a document entitled Waiver of Service and Consent to Default Judgment. Waiver of Service and Consent to Default J., Sep. 16, 2014. The document states that they have received the complaint, consent to the Plaintiff quieting title to 157 Santa Lourdes St., Harmon, Guam, and consent to resolution of the case on the basis of default. Id.

The Plaintiff attempts to sue "a collection of assets and liabilities," that is not represented by any human being who may appear to contest the suit. The Plaintiff also moves for summons by publication "to allow the court to obtain jurisdiction over [Francisco L. Rivera]." Pl.'s Decl., Sep. 16, 2014. But the summons by publication statute only permits persons and corporations to be so summonsed, and an un-administered estate qualifies as neither. See 7 GCA § 14106(a) (2005). A decedent's estate may only be sued by and through a representative such as an administrator, and if the estate in un-administered then a creditor or other claimant may seek to have one appointed.

## CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Order for Publication of Summons is DENIED. Because the Plaintiff has named no defendant who legally capable of being sued over whom this Court has jurisdiction, the Court *sua sponte* DISMISSES the case.

**IT IS SO ORDERED** this day of ___OCT 1 5 2014___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

Page 4 of 4